## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYSHEED DAVIS,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-0750** |
| | : | |
| **MICHAEL I. McDERMOTT,** | : | |
| **Defendant** | : | |

### MEMORANDUM

**PRATTER, J.**                                                                 **JUNE  /  , 2021**

Tysheed Davis, a prisoner currently incarcerated at SCI Dallas, filed this civil rights action pursuant to 42 U.S.C. § 1983. Mr. Davis seeks leave to proceed *in forma pauperis*. For the following reasons, Mr. Davis will be granted leave to proceed *in forma pauperis* and the Court will dismiss his Complaint in part with prejudice and in part without prejudice. Mr. Davis will be granted leave to file an amended complaint to attempt to cure the defects discussed below.

## I.   FACTUAL ALLEGATIONS

Mr. Davis names a single defendant, Michael I. McDermott, identifying him as an attorney with an office in Philadelphia, Pennsylvania. (Compl. at 2.)[1] According to Mr. Davis's state criminal docket, it appears that Mr. McDermott entered his appearance on behalf of Mr. Davis on November 28, 2017, during the discovery phase of Mr. Davis's criminal proceedings. *See Commonwealth v. Davis*, CP-51-CR-0008148-2016 (C.P. Philadelphia). Mr. McDermott represented Mr. Davis through his direct appeal, but Earl G. Kauffman, Esquire, entered his

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

appearance on March 26, 2021, after Mr. Davis filed a petition under Pennsylvania's Post

Conviction Relief Act ("PCRA").  (*Id.*)

Mr. Davis' allegations are not entirely clear.  He asserts that Mr. McDermott represented

him in his PCRA appeal and in his "civil lawsuit," and that Mr. McDermott has committed

"robbery" because he did not send Mr. Davis "a paycheck or any legal notice stating that the case

was settle[d] out or the case was dismissed."  (*See* Compl. at 3.)  The Court understands Mr.

Davis to allege that he injured his back in 2021 while lifting weights at SCI Dallas and that he

filed a civil suit regarding a lack of medical attention to his injury.  (*See id.* at 5.)  According to

Mr. Davis, Mr. McDermott refuses to answer Mr. Davis's telephone calls and has failed to send

Mr. Davis paperwork pertaining to the civil suit.  (*Id.* at 4.)  Mr. Davis claims that he has

suffered physical harm as a result of Mr. McDermott's inattentiveness.  (*Id.* at 5.)  He requests

that the Court investigate Mr. McDermott "on [his] civil lawsuit that he filed."  (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Mr. Davis leave to proceed *in forma pauperis* because it appears that

he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C.

§ 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a

claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] However, because Mr. Davis is a prisoner, he will be obligated to pay the filing fee in
installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

(quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts

alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's]

favor,' and 'ask only whether [that] complaint, . . . contains facts sufficient to state a plausible []

claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*,

792 F.3d 768, 774, 782 (7th Cir. 2015)).   Conclusory allegations do not suffice.  *Iqbal*, 556 U.S.

at 678.  As Mr. Davis is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v.*

*Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239,

244-45 (3d Cir. 2013)).   The Court may also consider matters of public record.  *Buck v. Hampton*

*Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

## III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is

Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S.

42, 48 (1988).  Whether a defendant is acting under color of state law – *i.e.*, whether the

defendant is a state actor – depends on whether there is "such a close nexus between the State

and the challenged action' that seemingly private behavior may be fairly treated as that of the

State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).

"To answer that question, [the Third Circuit has] outlined three broad tests generated by

Supreme Court jurisprudence to determine whether state action exists: (1) whether the private

entity has exercised powers that are traditionally the exclusive prerogative of the state; (2)

whether the private party has acted with the help of or in concert with state officials; and (3)

whether the state has so far insinuated itself into a position of interdependence with the acting

party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*,

589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Mr. Davis's constitutional claims against Mr. McDermott for his role as counsel in either

Mr. Davis's state criminal case or his civil suit are implausible because an attorney performing

traditional functions, whether privately retained or court-appointed, is not a state actor for

purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender

does not act under color of state law when performing a lawyer's traditional functions as counsel

to a defendant in a criminal proceeding.") (footnote omitted); *Clark v. Punshon*, 516 F. App'x

97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for

purposes of § 1983); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999)

("Attorneys performing their traditional functions will not be considered state actors solely on

the basis of their position as officers of the court."); *see also Webb v. Chapman*, 852 F. App'x

659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal

proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police

Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s]

dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a

civil rights claim against him."). "[B]efore private persons can be considered state actors for

purposes of section 1983, the state must significantly contribute to the constitutional

deprivation." *Angelico*, 184 F.3d at 278 (quoting *Jordan v. Fox, Rothschild, O'Brien & Frankel*,

4

20 F.3d 1250, 1266 (3d Cir. 1994)).  Here, Mr. Davis's allegations that Mr. McDermott failed to communicate with him regarding his civil lawsuit do not allege action that is fairly attributable to the state.  Thus, the Court will dismiss Mr. Davis's constitutional claims against Mr. McDermott with prejudice.[3]

To the extent Mr. Davis raises state law claims, he has not alleged a basis for the Court's jurisdiction over those claims.[4]  The only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir.

---

[3] Mr. Davis does not appear to be asserting claims in this case based on an alleged denial of medical care at SCI Dallas.  To the extent that he does seek to bring such a claim against an appropriate defendant at SCI Dallas pursuant to 42 U.S.C. § 1983, venue would not be appropriate in this District because SCI Dallas is located in Luzerne County in the Middle District of Pennsylvania.  *See* 28 U.S.C. §§ 118, 1391(b).  The Court further notes that Mr. Davis's requested form of relief, that the Court "investigate" Mr. McDermott, cannot be granted in a § 1983 action.

[4] Because the Court has dismissed Mr. Davis's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).

Mr. Davis, a convicted inmate currently housed at SCI Dallas, has made no allegation regarding his pre-incarceration domicile, nor has he alleged the citizenship of Mr. McDermott, other than his assertion that Mr. McDermott is an attorney with an office in Philadelphia, Pennsylvania. (Compl. at 2.) He has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he may intend to pursue. Accordingly, Mr. Davis has not met his burden of establishing a basis for jurisdiction over any state law claims.

For the foregoing reasons, the Court will grant Mr. Davis leave to proceed *in forma pauperis* and dismiss his § 1983 claims with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Mr. Davis's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Mr. Davis may file an amended complaint in the event he can allege a basis for subject matter jurisdiction over his state law claims, namely, that there is complete diversity of citizenship among the parties. Alternatively, Mr. Davis may file a complaint in state court so he may proceed on any state law claims in that venue. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER, J.