IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYSHEED DAVIS,<br>　　Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-0750 |
| | : | |
| MICHAEL I. MCDERMOTT,<br>　　Defendant | : | |

**MEMORANDUM**

PRATTER, J.　　　　　　　　　　　　　　　　　　　　　　　　NOVEMBER /8, 2021

Currently before the Court is the *pro se* Amended Complaint of Tysheed Davis, a prisoner currently incarcerated at SCI Dallas. For the following reasons, the Court will dismiss the Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.　　FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

On February 25, 2022, Mr. Davis initiated this civil rights action pursuant to 42 U.S.C. § 1983 against Michael I. McDermott, who Mr. Davis identified as an attorney with an office in Philadelphia, Pennsylvania. (ECF No. 1.) Mr. Davis subsequently sought leave to proceed *in forma pauperis.* (ECF Nos. 11, 14, 15.) By Memorandum and Order dated June 1, 2022, Mr. Davis was granted leave to proceed *in forma pauperis* and his § 1983 claims were dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. (ECF Nos. 16, 17.) The Court determined that Mr. Davis did not allege action that is fairly attributable to a state actor, as is necessary to bring a suit pursuant to § 1983. (ECF No. 16 at 3-5.) Although the Complaint did not sufficiently set forth any state law claims, having liberally construed the pleading as trying to propose one or more state law claims, the Court declined to exercise

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

supplemental jurisdiction over any such claims to the extent Mr. Davis was trying to present them. (*Id.* at 5.) The Court also determined that Mr. Davis had not alleged diversity jurisdiction over any state law claims. (*Id.* at 5-6.)

Consequently, the Court dismissed without prejudice any state law claims Mr. Davis sought to pursue, for lack of subject matter jurisdiction. (*Id.* at 6.) Mr. Davis was granted thirty (30) days to file an amended complaint in the event he could allege a basis for subject matter jurisdiction over any cognizable state law claims, namely, that there is complete diversity of citizenship among the parties. (*Id.*) Because Mr. Davis failed to file an amended complaint within the allotted time, by Order dated August 9, 2022, the Court dismissed Mr. Davis's state law claims without prejudice for lack of subject matter jurisdiction without further leave to amend, and the case was closed. (ECF No. 19.)

On November 15, 2022, Mr. Davis filed the Amended Complaint. (ECF No. 21.) Michael McDermott is again named as a defendant. (Am. Compl. at 2.) Mr. Davis also names SCI Dallas and "Criminal Justice Center" as defendants. (*Id.* at 2-3.) Mr. Davis's allegations are sparse. He once again asserts that Mr. McDermott represented him in his PCRA appeal[2] and that Mr. McDermott has committed "robbery" because Mr. McDermott "haven't given me my money or haven't contacted me." (*Id.* at 3-5.) Mr. Davis claims that he has suffered physical harm as a result of Mr. McDermott's alleged inattentiveness. (*Id.* at 5.) He requests the Court to direct

---

[2] The Court may consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). According to Mr. Davis's state criminal docket, it appears that Mr. McDermott entered his appearance on behalf of Mr. Davis on November 28, 2017, during the discovery phase of Mr. Davis's criminal proceedings. *See Commonwealth v. Davis*, CP-51-CR-0008148-2016 (C.P. Philadelphia). Mr. McDermott represented Mr. Davis through his direct appeal, but Earl G. Kauffman, Esquire, entered his appearance on March 26, 2021, after Mr. Davis filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA"). (*Id.*)

2

Defendant McDermott to give Mr. Davis his "law suit money." (*Id.*) Mr. Davis seeks $1 million to $10 million in damages. (*Id.*)

## II. STANDARD OF REVIEW

Because Mr. Davis has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss a Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Mr. Davis is proceeding *pro se*, the Court again construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. DISCUSSION

As noted, the Court granted Mr. Davis leave to file an amended complaint, limited to the state law claims dismissed without prejudice for lack of subject matter jurisdiction in the event he could allege that there is complete diversity of citizenship among the parties. In the pending Amended Complaint, Mr. Davis has made no attempt to set forth a basis for subject matter jurisdiction over any state law claims. (*See* Am. Compl. at 3-5.) Moreover, the Court can

3

discern no plausible basis for any state law claim in the Amended Complaint and construes the Amended Complaint as presenting claims pursuant to § 1983 only. Indeed, Mr. Davis checked only the box on the form complaint indicating that he seeks to bring his claims pursuant to 42 U.S.C. § 1983.

As the Court determined in the June 1, 2022 Memorandum and Order, Mr. Davis's constitutional claims against Mr. McDermott for his role as counsel in either Mr. Davis's state criminal case or his civil suit are implausible because an attorney performing traditional functions, whether privately retained or court-appointed, is not a state actor for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); *see also Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."). "[B]efore private persons can be considered state actors for purposes of section 1983, the state must significantly contribute to the constitutional deprivation." *Angelico*, 184 F.3d at 278 (quoting *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1266 (3d Cir. 1994)). Here, Mr. Davis's allegations that Mr. McDermott refused to give him money or that he failed to communicate with him do not allege action that is fairly attributable to the state. Thus, the Court will, once again, dismiss Mr. Davis's constitutional claims against Mr. McDermott with prejudice.

While Mr. Davis has listed SCI Dallas and "Criminal Justice Center" as defendants in the Amended Complaint, he has presented no allegations against them. (*See* Am. Compl. at 2-5.) Consequently, any constitutional claims Mr. Davis intends to bring against these entities are dismissed pursuant to § 1915(e)(2)(B)(ii).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Amended Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Because amendment would prove futile, the dismissal will be with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile"); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.

5